■ In the Matter of CHARLES BEVERLY, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferrred to this court by order of the Supreme court at Special Term, entered in Albany County) to review a determination of the New York State Department of Social Services which affirmed the decision of the Albany County Department of Social Services denying petitioner's application for public assistance and imposing a 30-day sanction for noncompliance with State regulations. On July 1, 1977, petitioner applied for public assistance and was given a Medicaid card and a predetermination grant of assistance. He was determined to be employable and was assigned a reporting date of July 5, 1977, on which date he was to report to the New York State Employment Service for manpower services and certification. Petitioner did not so report on the appointed date although he did report on July 7, 1977 and apparently continued to report for his scheduled appointments thereafter. The Albany County Department of Social Services denied petitioner's application for

public assistance and imposed a sanction of 30 days pursuant to 18 NYCRR 385.7 (b) on the grounds that he failed to appear at the State Employment Service on July 5, 1977 and such failure to appear was without good cause. Petitioner subsequently requested a fair hearing. At the hearing petitioner testified that on July 1, 1977, when he applied for public assistance, he was ill, and due to his illness he remained in his apartment after applying for aid until July 7, 1977. He further testified that he was unable to call the State Employment Service regarding his illness and inability to make his scheduled appointment because he had no telephone in his apartment. According to petitioner's testimony, a friend found him ill in his apartment on July 5, purchased some food, and commenced nursing him back to health. Petitioner's friend testified at the hearing that petitioner was sick when she went to his apartment on July 5, 1977. The State Commissioner of Social Services determined that petitioner did not report to the State Employment Service on July 5, 1977 and that he failed to establish just cause for not reporting, relying on the lack of medical verifications. Consequently, it was concluded that petitioner's application was properly denied. The present proceeding was then commenced seeking an annulment of the State commissioner's determination. Section 131 of the Social Services Law provides that no assistance shall be given to an employable person who has refused to accept employment in which he is able to engage and a person will be deemed to have refused to accept such employment if he "willfully fails to report for an interview at an employment office * * * when requested to do so" (Social Services Law, § 131, subd 5, par b). The pertinent regulation disqualifies a person who without good cause fails or refuses to accept manpower services and certification, such disqualification to be for 30 days thereafter and until such time as he is willing to comply with the necessary requirements (18 NYCRR 385.7 [b] [2]). Although the regulations require verification in order for a person to establish good cause for a refusal to accept manpower services and certification (18 NYCRR 385.6 [c] [9]), there is no explicit requirement of medical verification specified in the regulations. By contrast, specific requirements for establishing a good cause reason for not reporting for manpower services and certification based upon a "transportation hardship" are explicitly set out in the regulations (18 NYCRR 385.5). Based on the fact that the need for medical verification is not specified in the regulations as being required in order to establish good cause for not reporting to manpower services and certification, and on the fact that such verification is explicitly required in other regulations relative to employable public assistance recipients, we are of the view that medical verification was not required in the present case in order for petitioner to establish good cause for his failure to report on the scheduled date for manpower services and certification (cf. *Patrolmen's Benevolent Assn. of City of N. Y., v City of New York,* 41 NY2d 205, 209; McKinney's Cons Laws of NY, Book 1, Statutes, § 240). In view of the foregoing, we conclude that the commissioner improperly relied on petitioner's lack of medical verification in determining that petitioner failed to demonstrate good cause for his failure to report as scheduled. According to the testimony of petitioner and petitioner's witness, he was ill on the day he was scheduled to report and, due to his illness, he was unable to report. There is no substantial evidence to the contrary. Upon examination of the entire record, it is the opinion of this court that there is a lack of substantial evidence to support the commissioner's determination that petitioner failed to establish just cause for not reporting and, therefore, the determination must be annulled.

Determination annulled, without costs; petition granted, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.